# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE: NORVIEW BUILDERS, INC.     )
        )
       Debtor,     )     No. 19 C 2884
_____ )     Bankruptcy No. 18 B 1825
_____ )     Adversary No. 19 A 617
SOVEREIGN TAP, LLC et al.,     )
        )     Judge Sara L. Ellis
       Appellants,     )
        )
       v.     )
        )
NORVIEW BUILDERS, INC.,     )
        )
       Appellee.     )

## ORDER

The Court grants Appellants Sovereign Tap, LLC, Rafael Gomez, Dale Lewis, and Jessica Watson's (collectively "Sovereign") motion to stay the sale of 24205 W. Lockport property in Plainfield, Illinois ("Lockport property") pending appeal [7]. The Court orders that Sovereign post a $950,000 bond within seven days of this order as a condition of the stay. See Statement.

## STATEMENT

Appellants Sovereign filed a motion to stay the sale of the Lockport property pending appeal to this Court of the bankruptcy court's order that Sovereign, a tenant of Norview Builders ("Norview") and lessee of the Lockport property, did not have a right of first refusal in their lease agreement. Norview owns the Lockport property, which is a restaurant building. Norview declared bankruptcy and asked the bankruptcy court to approve the sale of the Lockport property to NWB Plainfield Real-Estate, LLC ("NWB") for $950,000. The bankruptcy court approved the sale on May 3, 2019. Sovereign opposes this and asserts that it invoked a provision of the lease that gave it a right of first refusal, i.e. a right to buy the Lockport property if they matched the offer of a bona fide purchaser. Paragraph 15(b) of the lease states:

> In the event that the Landlord shall at any time during the leasehold term hereof desire to sell the premises pursuant to any bona fide offer which it shall have received, it shall offer them to tenant at the same price and on the same terms as that contained in such bona fide offer. Tenant shall have three (3) business days from and after receipt of a copy of such offer to decide whether or not to purchase the premises at such price and on such notice

within the time herein limited, Landlord may accept such offer and
proceed with the sale there under. If the tenant notifies landlord in
writing that it elects to purchase the premises at such price and
such terms, the parties shall enter a contract using a form that is
mutually agreed to the parties.

Doc. 7, Ex. A. Norview filed a motion for a temporary restraining order and a preliminary
injunction in an adversary proceeding to prevent Sovereign from interfering in the sale to NWB.
The bankruptcy court granted the motion on April 24, 2019 ("April 24 order"), and found that
Sovereign did not have a right of first refusal because: (1) the operative paragraph "does not
expressly use the term 'right of first refusal,'" and (2) the sentence stating that the "Landlord
may accept such offer and proceed with the sale there under" gave Norview discretion whether
to accept or reject Sovereign's offer. Doc. 9, Ex. K.

As of this date, Sovereign still occupies the property, and the parties are scheduled to
appear for a hearing expanding the preliminary injunction to include eviction of Sovereign from
the Lockport property on May 30, 2019.

## I.      Jurisdiction

Norview first argues that this Court lacks jurisdiction to decide Sovereign's motion to
stay sale pending appeal under 28 U.S.C. § 158(a). Under § 158(a), the district court has
jurisdiction to hear appeals of final orders from the bankruptcy court. Norview contends that
only the April 24 order is an appealable final order from the adversary proceeding, and therefore,
this is the only order this Court can stay. It argues that because the bankruptcy court approved
the sale in a separate order in the bankruptcy proceeding, as opposed to the adversary
proceeding, this Court cannot stay the sale and the sale order "is subject to a second appeal
before a different District Judge."[1] Doc. 9 at 6. Norview does not cite any law to support its
argument, other than one Illinois case which describes adversary proceedings as separate from
the underlying bankruptcy proceeding.

Norview confuses the basis for the Court's jurisdiction with its power to grant a stay.
Norview concedes that the April 24 order is appealable as a final order. Under Federal Rule of
Bankruptcy Procedure 8007, a party must first apply to the bankruptcy court if they seek to stay a
court order, or "the suspension or continuation of proceedings in a case." F.R.B.P. Rule 8007(a).
Sovereign did this, and the bankruptcy court denied their request to stay the sale of the Lockport
property. If the bankruptcy court does not provide the sought-after relief, a party may then seek
the same relief in the district court. *Id.* Because Sovereign's appeal of the April 24 order is
properly before this Court, Sovereign may seek to stay the sale of the Lockport property here.

## II.     Stay of the Sale Pending Appeal

In deciding a motion to stay, the Court considers four factors: 1) whether the appellant is
likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable
harm absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and

---

[1] While it does not bear on the issue of jurisdiction, the Court does question, however, why Sovereign did
not file this motion to stay in 19-cv-3363, the appeal of the bankruptcy court's order approving the sale
which is pending before Judge Lefkow.

4) whether a stay is in the public interest.  See *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547–48 (7th Cir.2007); *Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir.1999); *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997).  For the following reasons the Court finds that the first two factors weigh heavily in favor of granting the motion to stay, and that any weight against granting the motion posed by the last two factors can be mitigated by requiring Sovereign to post bond.

## A.  Likelihood of Success on the Merits

The central issue in Sovereign's appeal is the interpretation of paragraph 15(b) in the lease.  The bankruptcy court focused on the sentence: "Landlord may accept such offer and proceed with the sale there under," and concluded that this provision does not require Norview to accept its tenant's offer, thus rendering this paragraph a right to make an offer of sale rather than a right of first refusal requiring that Norview accept Sovereign's offer.  The problem is that the bankruptcy court misquotes the lease and inserts a period, rather than a comma, after the sentence immediately preceding "Landlord":

> Tenant shall have three (3) business days from and after receipt of a copy of such offer to decide whether or not to purchase the premises at such price and on such notice within the time herein limited.  Landlord may accept such offer and proceed with the sale there under.

Under this reading it reasonable to conclude that Norview had discretion to reject Sovereign's offer.  But, if one replaces the period with a comma, as the original lease reads, it is not at all clear that Norview had the option to accept or reject Sovereign's offer.

Under Illinois law, "[t]he primary objective in construing a contract is to give effect to the intent of the parties."  *Gallagher v. Lenart*, 874 N.E.2d 43, 58,  226 Ill. 2d 208 (2007).  "Moreover, because words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others."  *Id.*  Here, the meaning of the operative sentence in context with the surrounding sentences is unclear.  But reading the lease as a whole, one can interpret this sentence to mean that Sovereign holds a right of first refusal and be consistent with other parts of the lease.  For instance, the lease says "[the landlord] <u>shall offer</u> [the premise] to tenant at the same price and on the same terms as that contained in such bona fide offer," the tenant has three days "to <u>decide</u> whether or not to purchase the premises at such price" and "[i]f the tenant notifies landlord in writing that it <u>elects</u> to purchase the premises at such price and such terms, the parties <u>shall</u> enter a contract using a form that is mutually agreed to the parties."  Further, in the hearing on Norview motion to approve the sale of the Lockport property, the Debtor's principal also testified that the lease was meant to give Sovereign a right of first refusal.  Doc.7 at 2.  Under these circumstances, the Court concludes that Sovereign has shown a likelihood of success on the merits.  *In re A&F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014).

## B.  Irreparable Harm to Sovereign if Court Denies Stay

Sovereign is still occupying the Lockport premises and operating its business.  Both the bankruptcy court and Norview state that Sovereign decided not to renew its lease and has put itself in danger of being evicted.  But Sovereign's position is that once it exercised its right of first refusal, it "was transformed from a lessee to a vendee under the purchase agreement."  Doc. 7 ¶ 10.  *See, e.g.*, *Wolfram P'ship, Ltd. v. LaSalle Nat. Bank*, 765 N.E.2d 1012, 1020, 328 Ill. App. 3d 207 (2001), *as modified on denial of reh'g* (Mar. 20, 2002) ("The option when accepted and exercised according to its terms, becomes a present contract for the sale of the property and the lease agreement extinguishes, thereby transforming the parties' relationship from lessor-lessee to vendor-vendee.").  If Sovereign prevails, then they are in rightful possession of the property. *Id.*

In a situation like this, "damages are also insufficient to protect [Sovereign's] interest in continuing to operate [its] business." *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 769 (7th Cir. 2014).  For these reasons, the Court finds that Sovereign would be irreparably harmed if the sale proceeded as planned to NWB and this factor weighs in favor of a stay.

## C.  Injury to Norview if Court Grants Stay

Norview argues that there is a substantial risk its buyer will walk away if the sale is stayed indefinitely.  Sovereign argues that there is no risk of harm because Norview "will still be able to move forward with a sale, but with a different party."  Doc. 7 ¶ 30.  To mitigate this risk, and because Sovereign wishes to exercise its right to purchase the property, Sovereign must post $950,000 bond as a condition of the stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(c).  As such, the Court finds that this factor is neutral in deciding the motion to stay.

## D.  Public Interest

It is in the public's interest that courts correctly adjudicate contractual rights given the harm that would occur if in this case if Sovereign were wrongfully evicted.  Moreover, the public must have faith that courts will enforce negotiated, contractual terms.  The bankruptcy court recognized that the public has an interest in the efficient resolution of bankruptcy sales.  The Court finds that this concern is likewise mitigated by requiring Sovereign to post bond for the purchase price of $950,000.  In this way, the process does not start at square one if Sovereign fails to follow through with the purchase and NWB withdraws its offer during the pendency of the appeal.  Consequently, the Court finds that this factor is neutral in deciding the motion to stay.

Date:  May 29, 2019                                        /s/  Sara L. Ellis_____